J. Robert CONNELL and J C Ranch, Inc.,
a Wyoming Corporation, Appellants
(Petitioners below),

v.

BOARD OF COUNTY COMMISSIONERS OF
the COUNTY OF SHERIDAN, Wyoming,
and the County Commissioners of Said
County, consisting of Kenneth Hawkins, et
al., Appellees (Defendants below).

No. 4422.

Supreme Court of Wyoming.

Dec. 27, 1974.

Robert W. Connor, Jr., Sheridan, for appellants.

James N. Wolfe, County and Pros. Atty., Sheridan County, Sheridan, for appellees.

Before PARKER, C. J., McEWAN, GUTHRIE and McCLINTOCK, JJ., and J. REUEL ARMSTRONG, District Judge.

Mr. Chief Justice PARKER delivered the opinion of the court.

This is an appeal from a summary judgment which dismissed a complaint seeking the cancellation of a lease agreement between the county and one Larry Kobold and in the alternative damages by reason of defendants' alleged breach of agreement to lease certain lands to plaintiffs. In their pleadings plaintiffs alleged the execution of an agreement dated September 6, 1972, between Connell (the predecessor in interest of J C Ranch, Inc.) and the county commissioners. This agreement recited Connell's leasehold in certain lands from the State of Wyoming, recited the imminent expiration of the lease, his option to match any second-party bid of an individual desiring to purchase the property from the State, and provided:

"1. Second Party [Connell] agrees that he will not bid against First Party [board of county commissioners] for the purchase of the afore-described property from the State of Wyoming unless some individual some other enity [sic] exceeds First Party's bid for said property, in which case, Second Party will then exercise his option if requested by 1st Party to match the highest bid and thereby purchase said property. That in such event, Second Party then agrees to resell said property to First Party for an amount equal to that which Second Party had to pay for such property plus any necessary and incidental expenses, which amount will be paid by the 1st Party.

"2. That First Party agrees that after acquiring title to said lands that First Party shall lease said lands to Second Party under such terms and conditions as can be negotiated at the time of leasing said lands."

The pleadings in the case developed the circumstance that on July 5, 1973, some nine months after the above-mentioned agreement, the commissioners leased the

lands in question to Connell for the year 1973.[1]

Plaintiffs' principal argument is that the second paragraph of the September 6, 1972, agreement is ambiguous, and, therefore, the understanding of the parties concerning the matter was controlling. This position is in part predicated on the contention that in determining whether the two parties gave the same meaning to their express words the evidence as to surrounding circumstances and preliminary negotiations was relevant and admissible. For this view plaintiffs rely on 3 Corbin, Contracts, § 543, pp. 143–147 (1960), and Yellowstone Sheep Co. v. Diamond Dot Live Stock Co., 43 Wyo. 15, 297 P. 1107, both of which citations relate to situations raising a question as to the meaning which should be given to words in agreements. On this thesis it is urged that the plaintiffs should have been permitted to introduce testimony to show what the understanding of the parties was and if this had been done there would have been a genuine issue of material fact so that the summary judgment entered by the trial court was improper. In so arguing, they also cite at some length authority for the principle that in any motion for summary judgment the burden is on the movant and that an ambiguous contract is susceptible of extrinsic evidence for the purpose of clarification. These points and the authority cited for the mentioned principles require no discussion since in effect they are conceded by the defendants. Moreover they are not pivotal in the problem before us. The controlling point in the litigation here is whether or not, as plaintiffs assert, the second paragraph of the September 6, 1972, agreement was an ambiguous integration of the parties' understandings. We are unpersuaded that there was any ambiguity which required or admitted of explanation. The portion to which reference is made stated that the board "shall lease said lands to Second Party under such terms and conditions as can be negotiated at the time of leasing said lands." This statement was not obscure but was fully understood as is indicated by the fact that the parties complied with this provision when the board executed its lease to plaintiff-Connell on July 5, 1973, plaintiff-Connell registering no objection to the terms thereof. We find that the record contains no factual basis for the contention that the agreement was ambiguous and needed clarification.

Affirmed.

---

1. The propriety of the agreement not to bid on the State property is not raised in the appeal, and we do not reach the propriety of the subsequent lease by the board of county commissioners to a relative of the chairman.